# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re ROYALTY PROPERTIES, LLC | No. 19-07692 |
| Debtor. | Chapter 11 |
| Royalty Properties, LLC, | |
| Plaintiff, | |
| v. | Adv. No. 19-00826 |
| Forest Preserve District of Cook County, Illinois, and Mary B. Grossman as Receiver in case Number 09 CH 28192, | |
| Defendants. | |

## NOTICE OF MOTION

**TO:**   John H. Redfield
Crane, Simon, Clar & Dan
135 S. LaSalle St., Suite 3705
Chicago, IL 60603-4297
jredfield@cranesimon.com

**PLEASE TAKE NOTICE** that on **July 24, 2019** at **10:30 AM**, counsel for Defendant the Forest Preserve District of Cook County, shall appear before the Honorable Bankruptcy Judge Jacqueline P. Cox or any other judge sitting in her stead, in Courtroom 680 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the accompanying *Motion to Dismiss Adversary Complaint.*

                                            **FOREST PRESERVE DISTRICT OF COOK COUNTY**,

                                            By: s/Christopher Carmichael
                                                 One of its Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020

Chicago, Illinois 60604
Tel.: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re ROYALTY PROPERTIES, LLC ) | |
| ) | No. 19-07692 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| -------------------------------------------------- ) | |
| Royalty Properties, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 19-00826 |
| ) | |
| Forest Preserve District of Cook ) | |
| County, Illinois, and Mary B. ) | |
| Grossman as Receiver in case Number ) | |
| 09 CH 28192, ) | |
| Defendants. ) | |

### MOTION TO DISMISS ADVERSARY COMPLAINT

Defendants, the Forest Preserve District of Cook County and Mary B. Grossman, as receiver, moves, pursuant to Bankruptcy Rule of Procedure 7012 and Federal Rule of Civil Procedure 12, to dismiss the adversary complaint filed by Debtor because that filing is an untimely second motion to reconsider after Debtor already filed one Rule 59 motion to alter or amend (Dkt. 55). In support of this motion, the Defendants state as follows:

### Background

1. After briefing and a two-day evidentiary hearing, on May 17, 2019 this Court lifted the automatic stay and allowed the secured creditor to continue with a 10-year-old foreclosure proceeding against the Debtor's real property. (Dkts. 47 & 48.)

2. The Order lifting the automatic stay was amended on May 21, 2019. (Dkts. 53-54.)

3. On June 4, 2019, Debtor timely filed a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59 and Bankruptcy Rule 9023. (Dkt. 55.)

4. On July 1, 2019, Debtor filed an Adversary Complaint seeking reinstatement of the automatic stay; the same relief sought in the Rule 59 motion. (Dkt. 73.)

## Argument

5. Debtor's Adversary Complaint is nothing more than an untimely second Rule 59 motion.

6. The facts recited in the Adversary Complaint are the facts of the motion to lift the stay that is the subject of the Rule 59 motion.

7. The Adversary Complaint pleads that Debtor filed a voluntary Chapter 11, and that the Secured Creditor's motion to lift the automatic stay granted. (Dkt. 73, ¶¶ 17, 27.)

8. Like Debtor's Rule 59 motion, the Adversary Complaint asserts that *after* the May 2019 evidentiary hearing on the motions, Debtor entered into hemp contracts. (*Compare* Dkt. 73 ¶¶ 29-30 *with* Dkt. 55 ¶¶ 12-13.)

9. According to the Adversary Complaint, Debtor entering into the hemp contracts and planting the hemp should result in reinstatement of the automatic stay, and effectively reverse this Court's May 17th ruling. (Dkt. 73, ¶ 44.)

10.  Similarly, Debtor's Rule 59 motion asserts that the hemp agreements provide a basis to reconsider the order lifting the stay. (Dkt. 55, ¶ 19.)

11.  Both the Adversary Complaint and the Rule 59 motion seek the same result, reinstatement of the automatic stay and a return of the control over the real property to the Debtor.

12.  As the court in *Kline v. IRS* noted in addressing a motion to reconsider the dismissal of an adversary complaint, after the closing of a bankruptcy, the standards applicable to a Rule 59 motion should apply to another filing which seeks the same relief. 2010 Bankr. LEXIS 1788, at *8 (Bankr. D. NM May 28, 2010).

13.  Under the Bankruptcy Rules of Procedure, a motion to alter or amend the judgment needed to be filed no later than 14 days after the entry of the order. *See* BANKR. R. P. 9023.

14.  This Court's amended Order lifting the stay was entered on May 21, 2019, making any Rule 59 motion due by no later than June 4, 2018.

15.  The Debtor filed a timely Rule 59 motion

16.  Four weeks later, on July 1, 2019, Debtor then filed an Adversary Complaint, effectively seeking the same relief as the Rule 59 motion.

17.  Because the Adversary Complaint is another motion to reconsider and the time for filing a motion to reconsider had lapsed by July 1st, Debtor's Adversary Complaint should be dismissed as an untimely second Rule 59 motion.

18.  Moreover, if this Court determines that the Debtor's exiting Rule 59 motion to alter or amend should be denied, or that Secured Creditor's motion to

convert or dismiss should be granted, then the Adversary Complaint should be dismissed as well because the resolution of that motion (or termination of the Chapter 11) affects the Adversary proceeding. *See Watson v. Naples*, 242 B.R. 908, 910-11 (Bankr. E.D. Tex. 1999).

19. Finally, the Adversary Complaint should be dismissed because Debtor cannot seek reinstatement of the stay because that relief is predicated on Debtor's willful violation of Bankruptcy Rules 2002(a)(2) and 6004(a) and 11 U.S.C. § 363(b).

20. Debtor entered into the hemp contracts and actually "plowed ahead" with a planting despite requesting (and not obtaining) this Court's consent to enter into those agreements.

21. Debtor was not permitted to enter into the contracts or proceed with performance of the contracts without this Court's approval.

22. Even Debtor conceded that Court approval was required for the contracts in filing the motion to approve. (*See* Dkt. 56.)

23. The deliberate violation of the rules that govern this proceeding cannot provide a basis for filing an Adversary Complaint.

**WHEREFORE**, Defendants the Forest Preserve District of Cook County, and Mary Grossman respectfully request that this Court dismiss the Adversary Complaint with prejudice and grant such other and further relief as deemed just and proper under the circumstances.

                      Respectfully submitted,

                      **FOREST PRESERVE DISTRICT OF COOK COUNTY**,

                      By: s/Christopher Carmichael
                           One of its Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60604
Tel.: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

                      Respectfully submitted,

                      **MARY B. GROSSMAN**,

                      By: s/Mary Grossman

Mary B. Grossman
Receiver in Cook County Circuit Court
Case No. 2018 L 000315
W1905 Potter Rd.
Burlington, WI 53105
(262) 492-4810
13mgrossman@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on **July 16, 2019**, a copy of the foregoing **Motion to Dismiss** was filed via the Northern District of Illinois Bankruptcy Court's ECF system and served upon all parties that have registered to receive ECF notice in this bankruptcy case.

/s/ Christopher Carmichael